Spencer C. Skeen (Bar No. 182216)
B. Allison Borkenheim (Bar No. 230318)
Marsha Amin (Bar No. 238820)
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
530 B Street, Suite 2100
San Diego, California  92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorney for Defendants,
CARLOS VASQUEZ, VASQUEZ FAMILY TRUST, and
FRONTIER MOTEL, L.P.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NONI GOTTI,<br><br>       Plaintiff,<br><br>v.<br><br>CARLOS VASQUEZ, VASQUEZ FAMILY<br>TRUST, and FRONTIER MOTEL, L.P.; and DOES<br>1 THROUGH 10, Inclusive,<br><br>       Defendants. | Case No.:  08 cv 1249 W POR<br><br>ANSWER TO COMPLAINT |

Defendants Carlos Vasquez, an individual and as Trustee of the Vasquez Family Trust, and Frontier Motel, L.P., for themselves alone, respectfully submit this Answer to the Complaint of Plaintiff Noni Gotti as follows:

1.     Defendants deny each and every allegation contained in Paragraph 1 of the Complaint for lack of information and belief.

2.     Defendants affirmatively aver that no response is required to Paragraph 2 of the Complaint.

3.     Defendants deny each and every allegation contained in Paragraph 3 of the Complaint for lack of information and belief.

4.     Defendants deny each and every allegation contained in Paragraph 4 of the Complaint for lack of information and belief.

**CONCISE SET OF FACTS**

5.     Defendants deny each and every allegation contained in Paragraph 5 of the Complaint for lack of information and belief.

6.     Defendants deny each and every allegation contained in Paragraph 6 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

7.     Defendants deny each and every allegation contained in Paragraph 7 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

8.     Defendants deny each and every allegation contained in Paragraph 8 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

9.     Defendants deny each and every allegation contained in Paragraph 9 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

10.     Defendants deny each and every allegation contained in Paragraph 10 of the Complaint for lack of information and belief.

11.     Defendants deny each and every allegation contained in Paragraph 11 of the Complaint for lack of information and belief.  Defendants further allege that they are currently in the process of investigating Plaintiff's allegations contained in this Paragraph and cannot admit or deny, and, on that basis, must therefore deny the allegations.

12.     Defendants deny each and every allegation contained in Paragraph 12 of the Complaint for lack of information and belief.

13.     Defendants deny each and every allegation contained in Paragraph 13 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

14.    Defendants deny each and every allegation contained in Paragraph 14 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

15.    Defendants deny each and every allegation contained in Paragraph 15 of the Complaint for lack of information and belief.

16.    Defendants deny each and every allegation contained in Paragraph 16 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

## **WHAT CLAIMS ARE PLAINTIFF ALLEGING AGAINST EACH NAMED DEFENDANT**

17.    Defendants affirmatively aver that no response is required to Paragraph 17 of Plaintiff's Complaint.

18.    Defendants deny each and every allegation contained in Paragraph 18 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

19.    Defendants deny each and every allegation contained in Paragraph 19 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

20.    Defendants deny each and every allegation contained in Paragraph 20 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

21.    Defendants deny each and every allegation contained in Paragraph 21 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

22.    Defendants deny each and every allegation contained in Paragraph 22 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

999999/906031/943079.01

23.    Defendants deny each and every allegation contained in Paragraph 23 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

24.    Defendants deny each and every allegation contained in Paragraph 24 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

25.    Defendants deny each and every allegation contained in Paragraph 25 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

26.    Defendants deny each and every allegation contained in Paragraph 26 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

27.    Defendants deny each and every allegation contained in Paragraph 27 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

28.    Defendants deny each and every allegation contained in Paragraph 28 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

29.    Defendants deny each and every allegation contained in Paragraph 29 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

30.    Defendants deny each and every allegation contained in Paragraph 30 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

31.    Defendants deny each and every allegation contained in Paragraph 31 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

999999/906031/943079.01

32.    Defendants deny each and every allegation contained in Paragraph 32 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

33.    Defendants deny each and every allegation contained in Paragraph 33 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

34.    Defendants deny each and every allegation contained in Paragraph 34 of the Complaint for lack of information and belief.  Defendants further allege that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

As a separate and affirmative defense, Defendants allege that the Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against these answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

#### (Lack of Subject Matter Jurisdiction)

As a separate and affirmative defense, Defendants allege that the Court has no subject matter jurisdiction over the claims alleged in the Complaint because, among other things, Defendants are informed and believe that Plaintiff is not within the class that the Americans With Disabilities Act was intended to protect from unlawful discrimination on the basis of disability, and Plaintiff is not aggrieved persons under the Americans With Disabilities Act.

### THIRD AFFIRMATIVE DEFENSE

#### (Lack of Standing)

As a separate and affirmative defense, Defendants allege that Plaintiff has no standing to assert the claims alleged in the Complaint because, among other things, Defendants are informed and believe that Plaintiff is not within the class that the American With Disabilities Act was intended to protect from unlawful discrimination on the basis of disability and Plaintiff is not

999999/906031/943079.01

aggrieved persons under the Americans With Disabilities Act nor any other law similar to or authorizing suits under the Americans With Disabilities Acts.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations, Doctrine of Laches)**

As a separate and affirmative defense, Defendants are informed and believe, and thereon allege that, as to each alleged cause of action, Plaintiff's Complaint is barred by the statute of limitations and doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Notice)**

As a separate and affirmative defense, Defendants allege that Plaintiff failed to give timely notice, if any, of her claim and Defendants have been substantially prejudiced thereby.

**SIXTH AFFIRMATIVE DEFENSE**

**(Plaintiffs Have Failed to Exhaust Administrative Remedies)**

As a separate and affirmative defense, Defendants allege Plaintiff has failed to exhaust the administrative remedies available to her under 42 U.S.C. section 12188, 42 U.S.C. section 2000a-3(c), and California Civil Code section 55.1, and thus, is not entitled to any relief.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Claims Premature)**

As a separate and affirmative defense, Defendants allege that the Complaint, and every claim asserted therein, is premature.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

Defendants are informed and believe and on that basis allege that they took reasonable steps to prevent and correct any barriers to access, if any, while Plaintiff unreasonably failed to use the preventative and corrective measures provided by Defendants, but unreasonably failed to take action that would have prevented or corrected the barriers she allegedly encountered.  Had Plaintiff made reasonable use of Defendants' procedures, they would have prevented the harm she allegedly suffered.  By reason of the foregoing, Plaintiff is barred in whole or in part from

recovering damages herein.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a separate and affirmative defense, Defendants allege that Plaintiff has failed to mitigate her damages, if any, in connection with the matters referred to in the Complaint, and that such failure to mitigate bars and/or diminishes Plaintiff's recovery, if any, against Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As separate and affirmative defense, Defendants allege that, by reason of her conduct, Plaintiff is barred by the doctrine of unclean hands from taking any relief sought in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

As a separate and affirmative defense, Defendants allege that as to each alleged cause of action, some or all of the claims for damages in the Complaint are barred in that Plaintiff has waived those claims.

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and affirmative defense, Defendants are informed and believe, and based thereon, allege that Plaintiff is estopped from asserting the claims contained in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Intervening Acts)

As a separate and affirmative defense, Defendants are informed and believe, and thereon allege, that the injuries and damages of which Plaintiff complains, and for which Plaintiff seeks recovery, if any, were the result of causes independent of any purported acts or omissions on the part of Defendants, which causes operated as intervening and superseding causes, thereby cutting off any liability on the part of Defendants.

999999/906031/943079.01

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

### (Comparative Fault)

3      As a separate and affirmative defense, Defendants are informed and believe, and thereon

4  allege, that, to the extent that any damage sustained by Plaintiff, or any other person, was

5  proximately caused by Plaintiffs or any other party's failure to mitigate damages by failing to

6  exercise reasonable care in preventing such damage, Plaintiffs are barred from recovering such

7  damages against Defendants.

8

## FIFTEENTH AFFIRMATIVE DEFENSE

9

### (Mootness)

10      As a separate and affirmative defense, Defendants allege that some or all of the claims in

11  the Complaint are moot in that Defendants are and/or have been in compliance with the laws,

12  statutes, and regulations governing treatment of individuals with physical limitations.

13

## SIXTEENTH AFFIRMATIVE DEFENSE

14

### (Alleged Actions Were Not Intentional)

15      As a separate and affirmative defense, Defendants allege that the discriminatory actions

16  alleged by Plaintiff were not intentional.  As a result, Plaintiff is not entitled to the relief

17  requested in the Complaint.

18

## SEVENTEENTH AFFIRMATIVE DEFENSE

19

### (Lack of Proximate Cause)

20      As a separate and affirmative defense, Defendants allege that no act or omission of the

21  Defendants was the cause of Plaintiff's damages, if any.  In the alternative, Plaintiff's alleged

22  damages, if any, were proximately caused by the negligence, fault and/or conduct of persons or

23  entities other than Defendants.  Plaintiff's damages, if any, must be reduced in proportion to the

24  amount attributable to the conduct of persons or entities other than Defendants up to, and

25  including, 100 percent.

26

27

28

999999/906031/943079.01

1      **EIGHTEENTH AFFIRMATIVE DEFENSE**

2      **(The Premises Are In Compliance With All Applicable Laws)**

3          As a separate and affirmative defense, that with respect to the alleged inaccessible

4      conditions mentioned in the Complaint, Defendants deny that Defendants have by their acts or

5      omissions violated any federal or state law.

6      **NINETEENTH AFFIRMATIVE DEFENSE**

7      **(Equal Access)**

8          As a separate and affirmative defense, Defendants allege that Defendants have modified

9      their policies, practices and procedures as required by the ADA to afford individuals with a

10     disability full and equal access to the goods, services, facilities, privileges, advantages and

11     accommodations offered by the premises at issue.

12     **TWENTIETH AFFIRMATIVE DEFENSE**

13     **(Alternative Methods)**

14         As a separate and affirmative defense, Defendants allege that Defendants have alternative

15     methods of complying with the Americans With Disabilities Act, thereby providing full and

16     equal access for individuals with a disability to the goods, services, facilities, privileges,

17     advantages and accommodations offered at the premises at issue.

18     **TWENTY-FIRST AFFIRMATIVE DEFENSE**

19     **(Readily Achievable)**

20         As a separate and affirmative defense, Defendants allege that some or all of the claims in

21     the Complaint are barred because the removal of physical barriers, if any exist, is not readily

22     achievable.

23     **TWENTY-SECOND AFFIRMATIVE DEFENSE**

24     **(Readily Available)**

25         As a separate and affirmative defense, Defendants allege that some or all of the claims in

26     the Complaint are barred because the removal of physical barriers, if any exist, is not readily

27     available.

28

999999/906031/943079.01

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Structurally Impracticable)**

As a separate and affirmative defense, Defendants allege that some or all of the claims in the Complaint are barred because the removal of physical barriers, if any exist, would be structurally impracticable.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Modification of Building Required)**

As a separate and affirmative defense, Defendants allege that, at all times mentioned in Plaintiffs' Complaint, admittance of Plaintiff to the subject premises would require construction, alteration, or structural modification of the subject building.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Alterations Triggering Access Requirements)**

As a separate and affirmative defense, Defendants allege that Defendants have not carried out any construction alterations to the subject property which would trigger access requirements under federal or state law.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Undue Hardship)**

As a separate and affirmative defense, Defendants are informed and believe and thereon allege that, as to each alleged cause of action, Plaintiff's Complaint is barred as the requested relief would constitute an undue hardship on Defendants.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Defendants Are In Compliance With California Civil Code Sections 51, 52, 54 and 54.1)**

As a separate and affirmative defense, Defendants allege that, with respect to the alleged inaccessible conditions mentioned in Plaintiff's Complaint, Defendants are in compliance with California Civil Code sections 51, 52, 54 and 54.1.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Defendants Have Not Violated The Unruh Civil Rights Act)**

As a separate and affirmative defense, Defendants allege that there has been no violation

999999/906031/943079.01

of the Unruh Civil Rights Act, in that there has been no refusal by Defendants keeping Plaintiff from entering the premises owned, operated or controlled by Defendants, and the structure of the premises allows Plaintiff to use the facilities.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Unruh Act)

As a separate and affirmative defense, Defendants allege that any alleged failure by Defendants to alter, repair, or modify the premises in question does not give rise to a cause of action by Plaintiff under the Unruh Act, since the Unruh Act specifically exempts such conduct from the scope of the Act.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Failure To State Grounds For Punitive Damages)

As a separate and affirmative defense, Defendants allege that Plaintiff's Complaint does not state facts sufficient to constitute a claim for punitive damages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Civil Penalty)

As a separate and affirmative defense, Defendants allege that the Complaint herein fails to allege facts sufficient to state a claim for the recovery of any civil penalty from Defendants, and the imposition of such a penalty would violate the constitutional rights of Defendants.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Not Entitled To Attorneys' Fees)

As a separate and affirmative defense, Defendants allege that the Complaint, and each cause of action contained therein, fails to allege facts sufficient to entitle Plaintiff to recover attorneys' fees.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Additional Defenses)

As a separate and affirmative defense to Plaintiff's Complaint, Defendants allege that it may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize their claims, due to the fact that Defendants do not have copies of certain documents bearing on

999999/906031/943079.01

1   Plaintiff's alleged claims and due to Plaintiff's failure to provide more specific information
2   concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges
3   that Defendants may share some responsibility.  Defendants therefore reserve the right to assert
4   additional defenses upon further particularization of Plaintiff's claims, upon examination of the
5   documents provided, upon discovery of further information concerning the alleged damage
6   claims and claims for costs and upon the development of other pertinent information.

7                           **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

8                           **(Reservation of Additional Affirmative Defenses)**

9           Defendants presently have insufficient knowledge or information upon which to form a
10  belief as to whether they may have additional, yet unknown affirmative defenses.  Defendants
11  reserve the right to assert additional affirmative defenses in the event discovery indicates it would
12  be appropriate.

13          WHEREFORE, Defendants pray for judgment as follow:

14          1.      That Plaintiffs take nothing by the Complaint on file herein;

15          2.      That judgment be entered against Plaintiffs and in favor of Defendants;

16          3.      For attorneys' fees and costs incurred herein; and

17          4.      For such other relief as this Court deems just and proper.

18

19                              **DEMAND FOR JURY TRIAL**

20          These Answering Defendants hereby demand a trial by jury of all issues which are so
21  triable.

22  DATED: July 18, 2008                    PROCOPIO, CORY, HARGREAVES &
                                             SAVITCH LLP
23

24

25                                   By:   _/s/  Marsha Amin_____
                                           Spencer C. Skeen
26                                         B. Allison Borkenheim
                                           Marsha Amin
27                                         Attorney for Defendants,
                                           CARLOS VASQUEZ, VASQUEZ FAMILY
28                                         TRUST, and FRONTIER MOTEL, L.P.

1   Spencer C. Skeen (Bar No. 182216)
    B. Allison Borkenheim (Bar No. 230318)
2   Marsha Amin (Bar No. 238820)
    PROCOPIO, CORY, HARGREAVES &
3      SAVITCH LLP
    530 B Street, Suite 2100
4   San Diego, California  92101
    Telephone: 619.238.1900
5   Facsimile: 619.235.0398

6   Attorney for Defendants,
    CARLOS VASQUEZ, VASQUEZ FAMILY TRUST, and
7   FRONTIER MOTEL, L.P.

8                    UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

| NONI GOTTI, | Case No.:  08 cv 1249 W POR |
|---|---|
| Plaintiff, | NOTICE OF INTERESTED PARTIES |
| v. | |
| CARLOS VASQUEZ, VASQUEZ FAMILY TRUST, and FRONTIER MOTEL, L.P.; and DOES 1 THROUGH 10, Inclusive, | |
| Defendants. | |

18          The undersigned counsel for Defendants Carlos Vasquez, an individual and as Trustee of

19   the Vasquez Family Trust, and Frontier Motel, L.P. certifies that the following listed parties have

20   a direct, pecuniary interest in the outcome of this case.  These representations are made to enable

21   the Court to evaluate possible disqualification or recusal.

22   <u>Party (or Parties)</u>                              <u>Attorneys</u>

23   Carlos Vasquez                            Spencer C. Skeen, Esq.
24   Vasquez Family Trust                      B. Allison Borkenheim, Esq.
     Frontier Motel, L.P.                      Marsha Amin, Esq.
25                                             Procopio, Cory, Hargreaves & Savitch LLP
                                               530 B Street, Suite 2100
26                                             San Diego, CA  92101-4469
                                               Phone:  (619) 238-1900
27                                             Fax:  (619) 235-0398

28

999999/906031/943523.01

1    DATED: July 18, 2008                  PROCOPIO, CORY, HARGREAVES &
2                                                SAVITCH LLP

3
4                                          By:  */s/  Marsha Amin*
                                                Spencer C. Skeen
5                                               B. Allison Borkenheim
                                                Marsha Amin
6                                               Attorney for Defendants,
                                                CARLOS VASQUEZ, VASQUEZ FAMILY
7                                               TRUST, and FRONTIER MOTEL, L.P.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

999999/906031/943523.01

1   *Noni Gotti v. Carlos Vasquez, et al.*
   **USDC, Southern District, Case No. 08 cv 1249 W POR**

2

3   I am a resident of the State of California, over the age of eighteen years, and not a party to the
  within action. My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH LLP,
4   530 "B" Street, Suite 2100, San Diego, California 92101. On July 18, 2008, I caused to be
  electronically filed the within documents: **DEFENDANTS CARLOS VASQUEZ, INDVIDUALLY AND**
5   **AS TRUSTEE OF THE VASQUEZ FAMILY TRUST AND FRONTIER MOTEL, L.P.'S ANSWER TO**
  **COMPLAINT AND NOTICE OF RELATED CASES**

6

7        with the Clerk of the United States District Court for the Southern District of California,

8   using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the

9   foregoing filing to the following parties and counsel of record who are registered with the Court's

10   CM/ECF System:

11        Theodore Pinnock; theodorepinnock@pinnockwakefieldlaw.com

12   Pursuant to the CM/ECF System, registration as a CM/ECF user constitutes consent to electronic

13   service through the Court's transmission facilities.

14        I declare under the penalty of perjury under the laws of the United States of America that

15   the foregoing is true and correct and that I executed this Certificate of Service on July 18, 2008 at

16   San Diego, California.

17

18                 /s/ *Marsha Amin*
                 Marsha Amin

19

20

21

22

23

24

25

26

27

28