1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   NONI GOTTI,                        )   Case No. 08cv1249-W (BLM)
                                        )
12                  Plaintiff,          )   **NOTICE AND ORDER FOR EARLY**
                                        )   **NEUTRAL EVALUATION CONFERENCE**
13   v.                                 )
                                        )
14   CARLOS VASQUEZ, et al.,            )
                                        )
15                  Defendants.         )
                                        )
16   ─────────────────────────────     )

17        **IT IS HEREBY ORDERED** that an Early Neutral Evaluation (ENE) of your

18   case will be held on **September 3, 2008** at **1:30 p.m.** in the chambers of

19   the Honorable Barbara L. Major, United States Magistrate Judge, **located**

20   **at 940 Front Street, Suite 5140, San Diego, California, 92101**. Because

21   this case substantially shares parties, claims, and counsel with those

22   of another case, Gotti v. Vasquez, 08cv1247-W (BLM), the ENE is

23   scheduled for the same time in both matters. See Gotti v. Vasquez,

24   08cv1247-W (BLM), Doc. No. 3 (scheduling ENE for September 3, 2008 at

25   1:30 p.m.).  The parties are reminded that the following guidelines,

26   particularly those concerning the attendance of representatives with

27   full settlement authority as defined below, remain in effect for both

28   cases.

**The following are mandatory guidelines for the parties preparing for the Early Neutral Evaluation Conference.**

1. **Purpose of Conference**:  The purpose of the ENE is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case.  All conference discussions will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

2. **Personal Appearance of Parties Required**:  All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.  Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

Unless there are extraordinary circumstances, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance.  **Requests for excuse from attendance for extraordinary circumstances shall be made in writing at least three (3) court days prior to the conference.**  Failure to appear at the ENE conference will be grounds for sanctions.

3. **Full Settlement Authority Required**:  In addition to counsel who will try the case, a party or party representative with *full*

1   <u>settlement authority</u>[1] must be present for the conference.  In the case

2   of a corporate entity, an authorized representative of the corporation

3   who is not retained outside counsel must be present and must have

4   discretionary authority to commit the company to pay an amount up to the

5   amount of the Plaintiff's prayer (excluding punitive damages prayers).

6   The purpose of this requirement is to have representatives present who

7   can settle the case during the course of the conference without

8   consulting a superior.  <u>Counsel for a government entity may be excused</u>

9   <u>from this requirement so long as the government attorney who attends the</u>

10  <u>ENE conference (1) has primary responsibility for handling the case, and</u>

11  <u>(2) may negotiate settlement offers which the attorney is willing to</u>

12  <u>recommend to the government official having ultimate settlement</u>

13  <u>authority.</u>

14      4.  **Confidential ENE Statements Optional**:  The parties may, but

15  are not required to, submit prior to the ENE confidential statements no

16  more than ten (10) pages[2] in length directly to the chambers of the

17  Honorable Barbara L. Major.  **These confidential statements shall not be**

18  **filed or served on opposing counsel.**

19      5.  **New Parties Must be Notified by Plaintiff's Counsel**:

20  ─────────────────────────

21      [1]  "Full settlement authority" means that the individuals at the settlement

22  conference must be authorized to explore settlement options fully and to agree at that

    time to any settlement terms acceptable to the parties.  <u>Heileman Brewing Co. v. Joseph</u>

23  <u>Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered

24  discretion and authority" to change the settlement position of a party.  <u>Pitman v.</u>

    <u>Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring

25  a person with unlimited settlement authority to attend the conference contemplates that

26  the person's view of the case may be altered during the face to face conference.  <u>Id.</u>

    at 486.  A limited or a sum certain of authority is not adequate.  <u>See</u> <u>Nick v. Morgan's</u>

27  <u>Foods, Inc.</u>, 270 F.3d 590, 595-97 (8th Cir. 2001).

28      [2]  The parties shall not append attachments or exhibits to the ENE statement.

Plaintiff's counsel shall give notice of the ENE to parties responding to the complaint after the date of this notice.

6. **Requests to Continue an ENE Conference**: Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of the first answer. Requests to continue ENEs are rarely granted. However, the Court will consider formal, written, *ex parte* requests to continue an ENE conference when extraordinary circumstances exist that make a continuance appropriate. In and of itself, having to travel a long distance to appear in person is not "extraordinary." **Absent extraordinary circumstances, requests for continuances will <u>not</u> be considered unless submitted <u>in writing</u> no less than seven (7) days prior to the scheduled conference.**

Based upon the Court's familiarity with cases brought pursuant to the Americans with Disabilities Act, and in the interest of promoting the just, efficient, and economical determination of this action, the Court issues the following orders:

1. All discovery shall be stayed in this case until after the Rule 26(f) conference;

2. **Twenty-one (21) days** prior to the ENE, Plaintiff's counsel shall lodge with Magistrate Judge Major's chambers, and serve on opposing counsel, a statement <u>no more than two (2) pages in length</u>, including the following information:

   a. An itemized list of the specific issues on the subject premises which are the basis of the claimed violations under the Americans with Disabilities Act. A recitation of regulations, by number, will not satisfy this requirement. The claimed violations must be specifically described.

   b. A statement of the amount and category of damages claimed

08cv1249-W (BLM)

1  by Plaintiff in this action.

2          c.   The amount claimed for attorneys' fees and costs; and

3          d.   The Plaintiff's demand for settlement of the case in its

4  entirety.

5     3.  **At least fourteen (14) days** prior to the ENE, lead counsel

6  responsible for the case and any unrepresented parties, along with

7  property managers of commercial locations, shall meet and confer in

8  person <u>at the subject premises</u> regarding settlement of:

9          a.   The premises violations alleged; and

10         b.   Damages, costs, and attorneys' fees claims.

11 Plaintiff's counsel shall be responsible for making arrangements for the

12 conference.

13    4.  **At least seven (7) days** prior to the ENE, counsel shall lodge

14 with Magistrate Judge Major's chambers a <u>joint statement</u> advising the

15 Court of the status of settlement negotiations and setting forth all

16 issues in dispute, including property issues, Plaintiff's alleged

17 damages, and the claim for attorneys' fees and costs, along with a

18 description of any settlement demands and/or offers exchanged.

19    5.  Plaintiff's counsel shall be prepared to present to the Court

20 for *in camera* review at the ENE documentation supporting the amount of

21 attorneys' fees and costs claimed.

22

23 DATED: <u>July 31, 2008</u>

24                                    *Barbara F. Major*

25                                    BARBARA L. MAJOR
                                      United States Magistrate Judge

26 COPY TO:

27 HONORABLE THOMAS J. WHELAN
   U.S. DISTRICT JUDGE

28
   ALL COUNSEL

### NOTICE OF RIGHT TO CONSENT TO TRIAL
### BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), you are hereby notified that a U.S. Magistrate Judge of this district may, upon the consent of all parties, on Form 1A available in the Clerk's Office, conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment. Counsel for the plaintiff shall be responsible for obtaining the consent of all parties, should they desire to consent.

You should be aware that your decision to consent or not to consent is entirely voluntary and should be communicated solely to the Clerk of Court. Only if all parties consent will the Judge or Magistrate Judge to whom the case has been assigned be informed of your decision.

Judgments of U.S. Magistrate Judges are appealable to the U.S. Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure.

08cv1249-W (BLM)